UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>MANSA EL BEY,<br><br>    Defendant. | Case No. 19-xr-90806-HSG-1<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>Re: Dkt. Nos. 1, 2 |

On August 30, 2019, Defendant Mansa El Bey filed a notice of removal, seeking the removal of a criminal prosecution from Alameda County Superior Court. *See* Dkt. No. 1. He also seeks leave to proceed in forma pauperis. *See* Dkt. No. 2. For the following reasons, the Court **REMANDS** the case to Alameda County Superior Court as Defendant has not stated a basis for removal, and **DENIES AS MOOT** the request to proceed in forma pauperis.

Defendant attempts to remove a criminal matter from state court by invoking 28 U.S.C. § 1443. *See* Dkt. No. 1 at 5–8. Despite Defendant's suggestion, *see* Dkt. No. 1 at 1, Section 1443 does not permit removal of all criminal state court cases to federal court. Rather, Section 1443 creates a limited right of removal of criminal cases in two discrete circumstances:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443(1)–(2).

The Supreme Court and Ninth Circuit have clarified that to invoke § 1443(1), "the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights," and must identify "a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quotation omitted) (citing *Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966)). Section 1443(2), in turn, is limited to removal of criminal cases brought against federal officers and agents. *See Peacock*, 384 U.S. at 824 ("[T]he second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."). Here, Defendant does not assert any statutory defenses to his prosecution warranting removal under § 1443(1), and he has not alleged that he is a federal officer or agent for purposes of § 1443(2). Indeed, Defendant has provided no explanation why § 1443 provides a basis for removal in this case, and the Court has found none.

Because the Defendant's notice fails to state a legally cognizable basis for removal of the state criminal prosecution, the Court **REMANDS** this case to Alameda County Superior Court. Defendant's motion for leave to proceed in forma pauperis is **DENIED AS MOOT**. The Clerk is directed to remand this case to the Alameda County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: 9/4/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge